UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

**FILED**

AUG 3 0 2017


CLERK

| | |
|---|---|
| GARY L. CHUTE, individually and personally, and as the personal representative of the Estate of Donna M. Chute;<br><br>Plaintiff,<br><br>vs.<br><br>HONORABLE JEFFREY L. VIKEN, in his official capacity and individually; HONORABLE DANIEL L. HOVLAND, in his official capacity and individually; HONORABLE RAYMOND GRUENDER, in his official capacity and individually; HONORABLE DIANA MURPHY in her official capacity and individually; HONORABLE LAVENSKI SMITH in his official capacity and individually; HONORABLE WILLIAM JAY RILEY in his official capacity and individually; BRENDAN V. JOHNSON, United States Attorney, in his official capacity and individually; STEPHANIE BENGFORD, Assistant United States Attorney, in her official capacity and individually; MICHAEL S. HOWARD, Assistant Counsel, Social Security Administration, in his official capacity and individually; CAROLYN W. COLVIN, Acting Commissioner of Social Security, in her official capacity; JEFFREY B. WALL, Acting Solicitor General, in his official capacity and individually; JUDGE VIKEN'S UNKNOWN LAW CLERK(S), in their official capacity and individually; JUDGE HOVLAND'S UNKNOWN LAW CLERK(S), in their official capacity and individually; AND EIGHTH CIRCUIT COURT OF APPEAL UNKNOWN NUMBER OF PANEL JUDGES AND LAW CLERKS, in their official capacity and individually;<br><br>Defendants. | 5:17-CV-05061-LLP<br><br><br>ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT IN PART, AND DIRECTING SERVICE |

## INTRODUCTION

Gary Chute filed a pro se complaint against several named and unnamed defendants

alleging violations of his civil rights pursuant to 42 U.S.C. § 407(a)-(b), 42 U.S.C. § 1981, 42

U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1988, The Americans with Disabilities Act, and the Fifth Amendment equal protection and due process rights. Additionally, Chute calls the court to exercise supplemental jurisdiction over all defendant's alleged violations of S.D.C.L. § 16-18-28 and defendant attorney's alleged violations of S.D.C.L. § 16-18-26(1). Chute moves for leave to proceed *in forma pauperis* in his lawsuit against defendants.

## FACTUAL BACKGROUND

Chute's instant complaint alleges a complex conspiracy aimed to deprive Chute of his disability benefits. The alleged facts came about during and as a result of earlier litigation in Civ. 11-5062. The earlier litigation began on August 5, 2011, when Chute filed a complaint appealing the denial of his application for disability insurance benefits and supplemental security income benefits by defendant, the Commissioner of Social Security Administration. Civ. 11-5062 at Doc. 1.

On March 7, 2012, Judge Viken granted defendant's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). Civ. 11-5062 at Doc. 23. On remand, the Administrative Law Judge issued a partially favorable decision, finding Chute was disabled beginning on January 3, 2012. Civ. 11-5062 at Doc. 85.

Following the partially favorable decision for Chute, the Commissioner moved for an order reversing and remanding the action for further administrative proceedings to determine whether the alleged onset of disability occurred prior to January 3, 2012. *Id.* Judge Viken granted defendant's motion to remand on October 29, 2013. *Id.* Despite the remand, Chute alleges that he became eligible for Medicare on July 1, 2014. Soon after, Chute alleges that Dr. Jacqueline Van Egeraat requested that he receive medical tests. On July 25, 2014, Chute went to The Imaging Center for the tests.

On September 9, 2014, an administrative decision favorable to Chute was filed, awarding benefits to Chute. As a result, on November 10, 2014, Chute entered current pay status and back benefits under Title 2 were paid to Chute in the amount of $60,324. Civ. 11-5062 at Doc. 19.

Following the September 9, 2014, administrative decision, Chute received a letter on September 24, 2014, notifying him that his entitlement date for medical insurance changed to an earlier date, January 2011. Chute alleges that he did not want the earlier Medicare benefits and did not write to the Social Security Administration as the letter directed him to do if he wanted the earlier Medicare benefits. Chute alleges he proceeded this way, because he believed to already be covered by Medicare benefits that started in July of 2014.

Chute alleges that shortly after receiving the letter regarding an earlier entitlement date Chute received a new Medicare card. Chute alleges that he did not notice the effective date for his Medical Insurance Part B had been changed from 07-01-14 to 09-01-17. Furthermore, Chute alleges that he was incorrectly refunded July and August Medicare Part B payments as a result of an unlawful cancelation of Chute's Medicare Part B coverage.

Chute alleges that Medicare wrongfully denied payment of $3,774.08 to The Imaging Center Dakota PET CT and MRI for the procedures performed on July 25, 2014. Chute further alleges that this bill was turned over to Credit Collections Bureau and has been accumulating interest ever since. Chute alleges that this is a result of a conspiracy amongst defendants.

**LEGAL STANDARD**

There is a two-step screening process with *in forma pauperis* litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also, Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible

to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000).

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. See 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint "does not need detailed factual allegations ... [but] requires more than labels and conclusions..." *Id.* At 555. "Factual allegations must be enough to raise a right to relief above the speculative level..." *Id.* When determining whether a complaint fails to state a claim upon which relief may be granted, this Court "assumes as true all factual allegations in the pleadings, interpreting them most favorably to the [pleader]." *Magee v. Trustees. Of Hamline Univ.*, 747 F.3d 532, 534-35 (8th Cir. 2014). Chute is proceeding pro se and his complaint is therefore entitled to a liberal construction. *Atkinson v. Bohn,* 91 F.3d 1127,1129 (8th Cir. 1996) (per curiam). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912,914 (8th Cir. 2004). The court is not required to supply

additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

## DISCUSSION

### A. In Forma Pauperis

Based upon his application, the sole income for Chute is derived from disability payments of $1,649.00 per month. His monthly expenses are estimated to be approximately $1,553.88. Chute owns a 1976 Homera 14x70 mobile home he values at $5,000, a 2016 Ford F-150 Pickup he values at $30,000, a 1982 Ford El Dorado Bermuda 26' motor home he values at $1,500, a 2015 Wells Cargo 7x12 trailer he values at $4,000. He has $1,571.95 in his bank accounts. Chute is the sole heir of his wife's estate, which includes a bank account with $88.39. Chute's affidavit in Support of the Application does not indicate any debt; however, Chute's complaint indicates a disputed debt of $5,255.27. Considering all the information in the financial affidavit, the Court finds that Chute has made the requisite financial showing to proceed *in forma pauperis*.

### B. Immunity

Some of the defendants are immune to suit; the court will address these issues first.

#### 1. Judicial Immunity

All claims against Judge Viken, Judge Hovland, Judge Gruender, Judge Murphy, Judge Smith, Judge Riley, and the Eight Circuit Court of Appeals Unknown Number of Panel Judges fail due to judicial immunity. The doctrine of judicial immunity is well-established. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

Judges are immune from suit, including § 1983 suits, with two narrow exceptions. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). These exceptions do not apply here. Therefore, all claims against Judge Viken, Judge Hovland, Judge Gruender, Judge Murphy, Judge Smith, Judge Riley, and the Eight Circuit Court of Appeals Unknown Number of Panel Judges are dismissed.

### 2. Law Clerk Immunity

All claims against unknown law clerks fail due to judicial immunity. The Eight Circuit has extended judicial immunity to law clerks. *Olivia v. Heller*, 839 F.2d 37, 40 (8th Cir. 1988); *see also In re Williams*, 196 B.R. 120 (1996). In so holding, the Eight Circuit agreed with the following district court analysis:

> the work of judges' law clerks is entirely [judicial in nature]. Law clerks are closely connected with the court's decision-making process. Law clerks are "sounding boards for tentative opinions and legal researchers who seek the authorities that affect decisions." Clerks are privy to the judge's thoughts in a way that neither parties to the lawsuit nor his most intimate family members may be." *Hall v. Small Business Administration*, 695 F.2d 175, 179 (5th Cir. 1983). Moreover, the work done by law clerks is supervised, approved, and adopted by the judges who initially authorized it. A judicial opinion is not that of the law clerk, but of the judge. Law clerks are simply extensions of the judges at whose pleasure they serve.

*Olivia*, 839 F.2d at 40 *(quoting Olivia v. Heller*, 670 F. Supp 523, 526 (S.D.N.Y. 1987)). Therefore, all claims against unknown law clerks are dismissed.

### 3. Judicial Process Immunity

Chute's claims against Brendan Johnson, Stephanie Bengford, Michael Howard, and Jeffrey Wall are barred by immunity. The Court has "extended absolute immunity to others who

perform functions closely associated with the judicial process," including prosecutors, administrative law judges, hearing examiners, grand jurors, and witnesses in judicial proceedings. *Cleaving v. Saxner*, 474 U.S. 193, 200 (1985). "In determining which persons are covered by an extension of immunity, the Supreme Court follows a "'functional' approach," under which "[a]bsolute immunity flows not from rank or title or 'location within the Government,' but from the nature of responsibilities of the individual official." *Id* at 201 (citations omitted).

Among many other similarly situated allegations, Chute alleges the status reports filed with the court in Civ. 11-5062 were the product of collusion and made with the intent to deceive the court and Chute. Docket 1 at 8-28. The attorneys prepared the status reports subject to a court order and therefore are "closely associated with the judicial process" and entitled to immunity. *Id.* Therefore, all claims against Brendan Johnson, Stephanie Bengford, Michael Howard, and Jeffrey Wall are dismissed.

## C. Medicare Part B Insurance

Chute's claim involving Medicare Part B Insurance against Acting Commissioner of Social Security, now Nancy A. Berryhill, survives screening. Chute alleges that Medicare breached its contract with Chute when it failed to cover the cost of several medical procedures, while premiums for Medicare were correctly being withheld from his social security. Chute alleges that Medicare wrongfully denied payment of $3,774.08 for the procedures performed on July 25, 2014, at The Imaging Center Dakota PET CT and MRI. Chute further alleges that this bill was turned over to collections and has been accumulating interest ever since. Chute states a claim against the Acting Commissioner of Social Security, Nancy A. Berryhill.

Accordingly, it is ORDERED

1. Chute's motion for leave to proceed in forma pauperis (Docket 2) is granted. The filing fee is waived.

2. The complaint insofar as it alleges unpaid bills by Medicare against the Acting Commissioner of Social Security survive screening. All other claims against all other defendants, known and unknown, are dismissed pursuant to 28 U.S.C. § 1915(e)(2).

3. The clerk of court will cause service of the complaint, summons, and this order upon the defendant. All costs of service will be advanced by the United States.

4. Chute will serve upon defendant, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the Court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

5. Chute will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated this 30ᵈ day of August, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk

By
Deputy