| | |
|---|---|
| GARY L. CHUTE, individually and personally, and as the personal representative of the Estate of Donna M. Chute;<br><br>Plaintiff,<br><br>vs.<br><br>HONORABLE JEFFREY L. VIKEN, in his official capacity and individually; HONORABLE DANIEL L. HOVLAND, in his official capacity and individually; HONORABLE RAYMOND GRUENDER, in his official capacity and individually; HONORABLE DIANA MURPHY in her official capacity and individually; HONORABLE LAVENSKI SMITH in his official capacity and individually; HONORABLE WILLIAM JAY RILEY in his official capacity and individually; BRENDAN V. JOHNSON, United States Attorney, in his official capacity and individually; STEPHANIE BENGFORD, Assistant United States Attorney, in her official capacity and individually; MICHAEL S. HOWARD, Assistant Counsel, Social Security Administration, in his official capacity and individually; CAROLYN W. COLVIN, Acting Commissioner of Social Security, in her official capacity; JEFFREY B. WALL, Acting Solicitor General, in his official capacity and individually; JUDGE VIKEN'S UNKNOWN LAW CLERK(S), in their official capacity and individually; JUDGE HOVLAND'S UNKNOWN LAW CLERK(S), in their official capacity and individually; AND EIGHTH CIRCUIT COURT OF APPEAL UNKNOWN NUMBER OF PANEL JUDGES AND LAW CLERKS, in their official capacity and individually;<br><br>Defendants. | 5:17-CV-05061-LLP<br><br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT, DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE PIERSOL, GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT, AND GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** |

## INTRODUCTION

Pending before the Court is Plaintiff's Motions to Alter or Amend the Judgment under FCRP Rule 59(e), Amend Findings of Fact and Amend the Judgment Under FRCP Rule 52(b),

1

and for Clarification of Jurisdiction, Doc. 12, Plaintiff's Motion for Disqualification of Judge Lawrence L. Piersol, Doc. 17, and Plaintiff's Motion to Amend Complaint, Doc. 25. Also before the Court is Defendant's Motion to Dismiss Complaint, Doc. 20 and Defendant's Motion to Dismiss Amended Complaint, Doc. 27. Having considered the pleadings, the Court denies Plaintiff's motions and Defendant's Motion to Dismiss Complaint. Defendant's Motion to Dismiss the Amended Complaint is granted.

## FACTUAL BACKGROUND

Plaintiff's complaint alleges a conspiracy aimed to deprive Plaintiff of his disability benefits. The alleged facts came about during and as a result of earlier litigation in Civ. 11-5062. The earlier litigation began on August 5, 2011, when Plaintiff filed a complaint appealing the denial of his application for disability insurance benefits and supplemental security income benefits by Defendant, the Commissioner of Social Security Administration. Civ. 11-5062 at Doc. 1.

On March 7, 2012, Judge Viken granted Defendant's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). Civ. 11-5062 at Doc. 23. On remand, the Administrative Law Judge issued a partially favorable decision, finding Plaintiff was disabled beginning on January 3, 2012. Civ. 11-5062 at Doc. 85. Following the partially favorable decision for Plaintiff, Defendant moved for an order reversing and remanding the action for further administrative proceedings to determine whether the alleged onset of disability occurred prior to January 3, 2012. *Id.* Judge Viken granted Defendant's motion to remand on October 29, 2013. *Id.* Despite the remand, Plaintiff alleges that he became eligible for Medicare on July 1, 2014. Soon after, Plaintiff alleges that Dr. Jacqueline Van Egeraat requested that he receive medical tests. On July 25, 2014, Plaintiff went to The Imaging Center for the tests.

On September 9, 2014, an administrative decision favorable to Plaintiff was filed, awarding benefits to Plaintiff. As a result, on November 10, 2014, Plaintiff entered current pay status and back benefits under Title 2 were paid to Plaintiff in the amount of $60,324. Civ. 11-5062 at Doc. 19. Following the September 9, 2014, administrative decision, Plaintiff received a letter on September 24, 2014, notifying him that his entitlement date for medical insurance changed to an earlier date, January 2011. Plaintiff alleges that he did not want the earlier Medicare benefits and did not write to the Social Security Administration as the letter directed him to do if he wanted the

earlier Medicare benefits. Plaintiff alleges he proceeded this way, because he believed to already be covered by Medicare benefits that started in July of 2014.

Plaintiff alleges that shortly after receiving the letter regarding an earlier entitlement date Plaintiff received a new Medicare card. Plaintiff alleges that he did not notice the effective date for his Medical Insurance Part B had been changed from 07-01-14 to 09-01-17. Furthermore, Plaintiff alleges that he was incorrectly refunded July and August Medicare Part B payments as a result of an unlawful cancelation of Plaintiff's Medicare Part B coverage.

Plaintiff alleges that Medicare wrongfully denied payment of $3,774.08 to The Imaging Center Dakota PET CT and MRI for the procedures performed on July 25, 2014. Plaintiff further alleges that this bill was turned over to Credit Collections Bureau and has been accumulating interest ever since. Plaintiff alleges that this is all the result of a conspiracy.

Plaintiff originally filed a pro se complaint against several named and unnamed defendants alleging violations of his civil rights pursuant to 42 U.S.C. § 407(a)-(b), 42 U.S.C. § 1981, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 1988, The Americans with Disabilities Act, and the Fifth Amendment equal protection and due process rights. Additionally, Plaintiff asked the court to exercise supplemental jurisdiction over all defendants' alleged violations of S.D.C.L. § 16-18-28 and defendant attorney's alleged violations of S.D.C.L. § 16-18-26(1). Because Plaintiff moved for leave to proceed *in forma pauperis* in his lawsuit against defendants, the Court engaged in a two-step screening process to determine 1) whether Plaintiff was financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a) and 2) whether the complaint should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also, Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). In applying this process, the only part of Plaintiff's complaint that survived screening alleged unpaid bills by Medicare against the Acting Commissioner of Social Security. All other claims against all other defendants, known and unknown, were dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## ANALYSIS

### MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff moves to alter or amend the Court's screening order under Rule 59(e) and 52(b). Though related, the rules serve slightly different functions. Rule 52(b) is "intended to permit a party to move the trial court to clarify or supplement factfindings to enable the appellate court to understand the factual issues determined at trial." *Clark v. Nix*, 578 F. Supp. 1515, 1516 (D. Iowa

1984). "Motions made under [Rule 52(b)] . . . are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories of law." *Evans, Inc. v. Tiffany & Co.,*416 F. Supp. 224, 244 (D. C. Ill. 1976). The purpose of Rule 52(b) is to provide the court an opportunity to correct manifest errors of law or fact at trial. *Clark,* 578 F. Supp. at 1516; *Accord Cody v. Hillard,* 139 F.3d 1197, 1200 (8th Cir.1998) (remanding the case to the district court to enter findings of fact and conclusions of law sufficient for the Eighth Circuit to review the decision, and noting that though Rule 52(a) "generally requires findings of fact and conclusions of law for rulings on injunctions," the court need not decide whether Rule 52(b) applied to motion to dissolve an injunction in order to remand in this instance).

Rule 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. *Pro Edge L.P. v. Gue,* 377 F.Supp.2d 694, 698 (N.D. Iowa 2005) (citing *Norman v. Ark. Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir.1996). Rule 59(e) motions "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovating Home Health Care v. P. T.-O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care,* 141 F.3d at 1286). To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result. *Id.*

In his motion, Plaintiff fails to assert any evidence that was not previously known. Instead, Plaintiff simply seeks to relitigate not only the prior screening order in this case, but previous orders entered by the Court in other cases as well. *See* Civ. 16-5064. Therefore Plaintiff's Motion to Alter or Amend the Judgment under Rules 52(b) and/or 59(e) is denied.

### MOTION FOR DISQUALIFICATION OF JUDGE PIERSOL

Plaintiff next moves to disqualify Judge Piersol from the instant case. Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Developed under § 144,

4

which requires disqualification for "personal bias or prejudice," the statute is designed "to remedy a situation wherein a federal judge is alleged to have a bias or prejudice against a party of such a nature that it would prevent that judge from presiding in a fair and impartial manner." *Deal v. Warner*, 369 F. Supp 174, 176 (W.D. Mo. 1973) (citing *United States v. Thomas*, 299 F. Supp. 494 (E.D. Mo. 1968). "Pursuant to the statutory directive of Section 144, a judge has an unavoidable duty to recuse himself when facts are properly verified by affidavit supporting a claim of legally cognizable bias or prejudice." *Id.* "On the other hand, a judge has an equally unavoidable duty not to refuse to recuse himself when the facts verified by affidavit do not support an allegation of legally cognizable bias or prejudice." *Id.* (citing *United States v. Diorio*, 451 F.2d 21 (2nd Cir. 1971), cert. denied, 405 U.S. 955; *United States v. Anderson*, 433 F.2d 856 (8th Cir. 1970); *Action Realty Co. v. Will*, 427 F.2d 843 (7th Cir. 1970); *Thomas*, 299 F. Supp. 494; *Euge v. Trantina*, 298 F. Supp. 876 (E.D. Mo. 1969)).

> The fact that a verified certified motion to disqualify has been filed does not automatically require a judge to disqualify himself. Rather, the particular judge who is the object of the verified certified motion must determine the factual and legal sufficiency of the motion and ascertain whether the alleged facts presented therein give "fair support" to the charge of bias and prejudice. In essence, it must be said that the statute here provides the means whereby a party to an action "... can insure that his trial is free from any personal bias or prejudice, subject only to his ability to allege facts to support his claim and his attorney's duty to certify good faith in the filing of the affidavit.

> A judge is precluded from refuting the alleged facts presented, regardless of their nature. The judge must accept as true every verified allegation of fact as a predicate for the affiant's belief. Statements of fact set forth in the affidavit as the basis for belief that a judge is biased or prejudiced must be accepted as true by the judge even though the judge may know that such statements of fact are false.

> Further, a judge is presumed to be qualified to preside over a particular cause, and there is a substantial burden upon the affiant to establish that such is not the case. The burden upon the affiant to provide the basis for disqualification is threefold.

> First, the affidavit must set forth *facts* with sufficient specificity. Only the facts presented in the affidavit are relevant, not mere conclusory allegations.

> Second, the facts presented must give "fair support" to the allegation of bias or prejudice, so as to convince a reasonable man.

Third, the factual allegations must be shown to be *personal* in nature, as opposed to judicial. In this sense "personal" refers to an attitude or disposition which is extrajudicial in origin. Thus, prior adverse judicial determinations involving the particular affiant or the same issue in question are insufficient as a basis for disqualification. Indeed, it would be most strange if " . . . a judge became less qualified the greater his . . . experience."

*Id.* at 176–77.

Plaintiff asks Judge Piersol to recuse himself due to bias based on three related allegations: 1) the Court granted Defendant's motion for an extension of time to answer within three days, while many of Plaintiff's substantive briefs have been pending far longer; 2) the granting of that motion for an extension of time was done before Plaintiff could file a response in furtherance of an alleged conspiracy with another judge to deprive Plaintiff of his constitutional rights; and 3) Plaintiff's Fifth Amendment right to due process was violated in granting Defendant's extension of time. Defendant's response argues Judge Piersol's actions neither show bias, nor deprive Defendant of any constitutional rights. The Court agrees.

The Court's granting of a motion for an extension of time to answer while taking longer to rule on motions that require fact-finding and legal analysis of substantive law is not unusual practice in the federal system and Plaintiff cites no authority to the contrary. Substantive questions of law simply take more time to resolve. Further, Plaintiff's "wild, untrue, and unsupported allegations" of a judge's conspiracy are insufficient to require recusal. *See Goldsmith v. Dooley,* Civ. 11-4181-KES, 20212 WL 181417 at *1 (D.S.D. Jan. 20, 2012).

Finally, Plaintiff cannot show that the Court's granting of the motion for extension of time without allowing a response from Plaintiff resulted in a deprivation of either his substantive or procedural due process rights. Plaintiff cannot show that a life, liberty, or property interest was deprived by the Court's granting of a 30-day extension of time. *See Vaugh v. Ruoff,* 304 F.3d 793, 796 (8th Cir. 2002) (a procedural due process claim requires the plaintiff to show that he was deprived of a life, liberty, or property interest and that the state did not afford the plaintiff adequate procedural rights before depriving him of that interest). Further, Plaintiff cites no authority for the proposition that granting a motion for an extension of time "violated a fundamental constitutional right of the plaintiff and that the alleged violation shocks the contemporary conscience. *C.N. Willmar Pub. Sch., Indep. Sch. Dist. No. 347,* 591 F.3d 624, 634 (8th Cir. 2010).

It should also be noted that requiring further time for a response to motions to extend time would be largely impractical. Local Rule 7.1.B provides that every motion raising a question of

law requires the movant to serve and file a brief containing argument and support. However, it specifically excludes from that requirement "motions to amend a scheduling order." *Id.* The rule also requires 21 days to file a responsive brief and 14 days to file a reply brief "after service of a motion and brief." *Id.* A motion for extension of time is akin to a motion to amend a scheduling order, which is exempted from the briefing requirement, and therefore exempted from the response requirement. In many instances, such a briefing and response requirement would extend the initial deadline far beyond what is asked for in the motion for extension of time, resulting in a waste of judicial time and resources. Accordingly, Plaintiff's Motion for Disqualification of Judge Lawrence L. Piersol, Doc. 17, is denied.

## MOTION TO AMEND COMPLAINT

Plaintiff submits his motion to amend the complaint pursuant to Rule 15(a)(1)(B) which permits a party to amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b) of the Federal Rules of Civil Procedure. Because Plaintiff's motion is timely, it is granted. Therefore, Defendant's Motion to Dismiss, Doc. 20, is denied as moot.

## MOTION TO DISMISS

Plaintiff's claim involving Medicare Part B Insurance against Acting Commissioner of Social Security, now Nancy A. Berryhill, survived screening. Plaintiff alleges that Medicare breached its contract with Plaintiff when it failed to cover the cost of several medical procedures, while premiums for Medicare were correctly being withheld from his social security. Plaintiff alleges that Medicare wrongfully denied payment of $3,774.08 for the procedures performed on July 25, 2014, at The Imaging Center Dakota PET CT and MRI. Plaintiff further alleges that this bill was turned over to collections and has been accumulating interest ever since. Because Plaintiff's First Amended Complaint restates those claims which this Court previously dismissed pursuant to 28 U.S.C. § 1915 and because Defendant asserts that Plaintiff's First Amended Complaint does not cure the deficiencies in his Complaint that were the basis of Defendant's original motion to dismiss (Doc. 20-21, 26), Defendant incorporated her previous motion into the current Motion to Dismiss Plaintiff's First Amended Complaint, Doc. 27. Defendant asks this Court to dismiss Plaintiff's Amended Complaint for lack of jurisdiction as Plaintiff has not exhausted his administrative remedies.

Plaintiff is proceeding pro se and his complaint is therefore entitled to a liberal construction. *Atkinson v. Bohn,* 91 F.3d 1127,1129 (8th Cir. 1996) (per curiam). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry,* 364 F.3d 912,914 (8th Cir. 2004). The Court is not required to supply

additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* Even under a liberal construction, however, Plaintiff's remaining claim must be dismissed.

Plaintiff carries the burden of showing that jurisdiction exists. *VS Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). Under a 12(b)(1) motion to dismiss, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Not only must Plaintiff show jurisdiction, but Plaintiff must also show that the Federal Government has waived its sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The relevant statutes in this case clearly limit judicial review to a final decision of the Secretary of HHS made after a hearing. *See* 42 U.S.C. §§ 405(g) and (h), and 1395ii. Section 405(g) "is the sole avenue for judicial review for all claims arising under the Medicare Act." *Anderson v. Sullivan*, 959 F.2d 690, 693 (8th Cir. 1992) (internal citations omitted). Under that section, Plaintiff must have presented "a claim for benefits to the Secretary and then exhaust[ed] the administrative remedies prescribed by the Secretary" before the Court may exercise jurisdiction. *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993) (citation omitted).

After having his Medicare claim denied, Plaintiff needed to follow the administrative review process set forth in 42 C.F.R. §§ 405 *et seq.* The Medicare Summary Notice informed Plaintiff of his ability to appeal his coverage decision. Regardless of Plaintiff's attempt to characterize the denial as a conspiracy, Plaintiff ultimately argues that his claim for benefits was wrongfully denied. Even assuming arguendo that waiver of the administrative remedies is appropriate in this case, the Court cannot waive the presentment requirement itself, which Plaintiff has not satisfied. *Sipp v. Astrue*, 641 F.3d 975, 980 (8th Cir. 2011).[1] Therefore, Plaintiff's remaining claim must be dismissed.

---

[1] Further, as Defendant points out, Plaintiff has named the wrong defendant for such a suit. Instead, it is the Secretary of HHS, not the Commissioner, who should be named. While 42 C.F.R. § 405.1136(d)(1) provides Plaintiff 60 days to commence the action against the correct defendant, such an extension would not remedy Plaintiff's failure to exhaust his administrative remedies before bringing suit and would therefore be futile.

Accordingly, it is ORDERED:

1. Plaintiff's Motions to Alter or Amend the Judgment under FCRP Rule 59(e), Amend Findings of Fact and Amend the Judgment under FRCP Rule 52(b), and for Clarification of Jurisdiction, Doc. 12, is DENIED;

2. Plaintiff's Motion for Disqualification of Judge Lawrence L. Piersol, Doc. 17, is DENIED;

3. Plaintiff's Motion to Amend Complaint, Doc. 25, is GRANTED;

4. Defendant's Motion to Dismiss Complaint, Doc. 20, is DENIED;

5. Defendant's Motion to Dismiss First Amended Complaint, Doc. 27, is GRANTED.

DATED this August 27, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: _____, Deputy
(SEAL)